## A. G. PAXTON *v.* V. OLIVER.

PROCEEDINGS AGAINST TENANT. *Appeal. Recovery of rent. Code* 1880, §§ 1343, 2657.

As § 2657, code 1880, gives a successful plaintiff in unlawful detainer the right, on appeal, to recover rent to the time of trial, and § 1343 provides that, in proceedings before a justice of the peace to recover possession of premises from a tenant in arrears for rent, "the right of. appeal shall exist as in cases of unlawful detainer," on appeal to the circuit court, in such proceedings against a tenant, a successful plaintiff may likewise recover rent to the time of trial.

FROM the circuit court of Sunflower county.

HON. R. W. WILLIAMSON, Judge.

Appellee, Oliver, failed to pay the rent for the premises leased from Paxton, who, thereupon, instituted proceedings before a justice under § 1333, code 1880, to recover possession of the premises, and obtained judgment. The defendant gave bond and appealed, remaining in possession. In the circuit court plaintiff again had judgment. In addition to possession, he sought to recover rents, including the amount accrued after suit begun. On objection of defendant, the court excluded the evidence as to this. From judgment disallowing the recovery of rents, plaintiff appeals.

*Southworth, Paxton & Stevens*, for appellant.

Section 2657, code 1880, providing for an appeal in cases of unlawful detainer, authorizes a recovery of rent by a successful landlord up to the time of trial. By the provision in § 1343 that an appeal may be taken, in a case like this, " as in cases of unlawful entry and detainer," the manifest and just purpose was to give the landlord, wrongfully deprived of the possession of his property, some security for his rent in case of appeal by the tenant. If this is not the correct

construction, the speedy remedy given the landlord affords a most excellent opportunity for an insolvent and rascally tenant to keep and use property for an indefinite time, without security and in defiance of the owner's rights.

Argued orally by *M. Green*, for appellant.

*J. H. Baker* and *C. C. Moody*, for appellee.

By a careful examination of § 1333, code 1880, it will be seen that it was not intended to provide a manner for the collection of rent, but simply to give the landlord possession. The remedy is strictly possessory. The procedure is exactly the same, whether against a tenant holding over or one who has made default in the payment of rent, except that in the latter case § 1342 of the code provides that the writ of possession shall not be issued if the tenant shall pay the rent due and all costs, or give security therefor. No matter how much rent may be due, the court cannot give judgment for it.

The last clause in § 1343, code 1880, simply means that the defendant shall have the right to *appeal* on the same terms as are provided by § 2657 in relation to unlawful detainer. If it had been intended that judgment should be rendered for rents, the statute would have provided that all proceedings on appeal should be the same as in unlawful entry and detainer.

The case is tried in the circuit court *de novo.* There are no new issues. The circuit court has no new jurisdiction.

The case is distinguishable from that of *Flanneken v. Wright,* 64 Miss., 217. In that case there was an appeal from a decree of the chancery court on jurisdictional. grounds. The questions involved here were not passed on.

CAMPBELL, C. J., delivered the opinion of the court.

The effect of the last clause of § 1343 of the code of 1880, in declaring " the right of appeal shall exist as in case of unlawful entry and detainer," was to adopt § 2657 of the

code as to the appeal and proceeding with it in the circuit court, and the appellant was entitled, in the circuit court, to give evidence of rent due at the time of the trial.

*Reversed, and remanded for a new trial.*