## WEATHERALL v. BROWN.

### [74 South.  765, Division A.]

1. JUSTICES OF THE PEACE. *Right to question jurisdiction.*

   Where a tenant secured a remand of his landlord's attachment
   for rent to a justice of the peace on the ground that neither the
   amount distrained for nor the value of the property seized ex-
   ceeded the sum of two hundred dollars, the court below committed
   no error in refusing to permit him, in order to show that the
   justice of the peace was without jurisdiction, to prove that the
   property seized was worth more than that sum.

2. LANDLORD AND TENANT. *Attachment for double rent. Statute.*

   An attachment may issue under section 2848, Code 1906, when the
   landlord shall have just cause to suspect and shall verily believe,
   that his tenant will remove from the leased premises any part
   of the agricultural products on which he has a lien and in such
   case it is proper to exclude evidence offered by the tenant to
   show that at the time the attachment was sued out there remain-
   ed on the leased premises agricultural products, subject to the
   landlord's lien, more than sufficient to pay the rent claimed.

3. LANDLORD AND TENANT. *Liability for double rent. Holding over
   statute.*

   The liability of a tenant holding over after notice to quit, for
   double rent is made absolute by section 2883, Code 1906, with-
   out reference to his good or bad faith in so doing.

4. LANDLORD AND TENANT. *Liability for double rent. Holding over
   willfully.*

   The word "willful" in the statute providing for double rent in the
   event a tenant holds over after notice, means not merely vol-
   untarily, but with a bad purpose.

### ON SUGGESTION OF ERROR

5. LANDLORD AND TENANT. *Attachment for double rent. Statute.*

   Under section 2848, Code 1906, the provision of the statute that
   the removal by the tenant must be of such a character that dis-
   tress cannot be made, has no application to agricultural prod-
   ucts on which a lien is given by statute independent of seizure
   thereof at the instance of the landlord, applying only to such
   property as may be subject to payment of rent by seizure without
   prior lien thereon.

APPEAL from the circuit court of Pontotoc county.

HON. CLAUDE CLAYTON, Judge.

Attachment for double rent by Mrs. C. S. Brown against W. W. Weatherall. From a judgment for plaintiff, defendant appeals.

Appellant by parol agreement rented from appellee certain lands for the years 1913, 1914, and 1915, and delivered to appellee his three promissory notes, each for the sum of one hundred dollars, for rental of said premises for said three years. During the fall of 1913 appellee gave notice to appellant, in writing, to quit the premises and deliver possession of same January 1, 1914. The rent note for the year 1913 was paid. Appellant refused to deliver possession of the premises, and appellee returned to appellant the two notes covering the rent for 1914 and 1915, and brought her suit in the justice court for the possesion of the land, and from a judgment in her favor, the appellant appealed to the circuit court, where a judgment was again rendered in favor of appellee, adjudging that she have possession of the premises, but it was toward the close of the year 1914 before this judgment was entered and possession given appellee. Thereupon appellee filed an affidavit in the justice court for an attachment for double rent for the year 1914, as provided by section 2883 of the Code of 1906, which is as follows:

"When a tenant, being lawfully notified by his landlord, shall fail or refuse to quit the demised premises and deliver up the same as required by the notice, or when a tenant shall give notice of his intention to quit the premises at a time specified, and shall not deliver up the premises at the time appointed, he shall, in either case, thence forward pay to the landlord double the rent which he should otherwise have paid, to be levied, sued for, and recovered as the single rent before the giving of notice could be; and double rent shall continue to be paid during all the time the tenant shall so continue in possession."

The attachment was levied against certain agricultural products consisting of cotton and corn, being a portion of the crop raised on the premises leased, and was replevied by appellant, who executed a bond in the sum of four hundred dollars, being double the amount of appellee's claim for rent, and said writ and bond were filed by the constable in the circuit court. Thereupon appellant filed a motion in the circuit court to transfer the cause to the court of a justice of the peace, on the ground that there appeared nothing in the record to indicate the amount claimed or the value of the property distrained which would confer jurisdiction on the circuit court. This motion was sustained, and the cause transferred to a justice court, where a judgment was entered for appellee for one hundred dollars, and on appeal to the circuit court on a trial *de novo* appellee obtained judgment for two hundred dollars, double the rent for the year 1914, from which judgment comes this appeal.

*Mitchel & Mitchel,* for appellant.

The first, seventh and eighth assignments of error challenge the correctness of the rulings of the court in refusing to permit appellant to show the value of the property distrained. Appellant filed a motion to allow the officer who made the distress to amend his return so as to show the value of the property distrained. This went to test the jurisdiction of the court; section 2856, Code of 1906, provides that if the value of the property distrained, or the amount claimed to be due for rent, exceeds two hundred dollars, the circuit court shall have original jurisdiction. Now, if this were a case of which the circuit court had original jurisdiction, the court of a justice of the peace had no jurisdiction on an appeal from the justice's court.

The fifth, seventh and eleventh, assignments of error are predicated on the refusal of the court to allow appellant to controvert the grounds on which the distress

has been sued out. The basis of the distress, as set out in the affidavit of appellee, was that the rent was not due, and that she had just cause to suspect and did verily believe that appellant would remove his effects from the leased premises so that distress could not be made. There was a replication to this by appellant, as provided by section 2864, Code 1906, denying the existence of these grounds. On the cross-examination of appellee, appellant's counsel attempted to show that these grounds did not exist, but the court sustained the objections of appellee to this cross-examination. Likewise counsel for appellant attempted to show by the witnesses Brown, and also by appellant himself, that there was no basis in fact for this distress; but in each case the court refused to allow the testimony to be admitted. We submit, with respectful confidence, that this action of the court was fatally erroneous. This testimony went to the very vitals of the question at issue, and obviously was relevant and competent.

The other assignments of error relate to the question as to whether this was a case in which double rent could be collected, and whether appellant should have been allowed to show his good faith and an honest belief that he had a legal right to remain on the leased premises for another year. The court refused to permit any testimony as to the notes, and the conduct of appellee with reference thereto, and refused to allow appellant to show why he remained on the place, and refused to allow him to show that he had been advised by his counsel that he had a legal right to stay; all of which we respectfully submit was error.

The claim for double rent is based on section 2883, Code 1906. Statutes of this character have been enacted in England and many of the United States. They have always been construed as penal and to be strictly construed. 24 Cyc. 1193-4.

Under the heading of "what constitutes holding over?" this same authority says: "A tenant holding

over after his term has expired is not within the penalty imposed by the statute, unless he holds over wilfully and contumaciously and with a consciousness that he has no right to do so.'' 24 Cyc. 1194. (See note 52 on this page, and the authorities there cited.) It certainly was not the intent of the statute to impose this penalty on a party who, in good faith and with an honest belief in his contractural rights, continued in the possession of leased premises, although he might be mistaken in his belief. *Belles* v. *Anderson,* 38 Ill. App. 128.

While it is true that the word willful is not used in this section providing for double rent, yet the statute is analogous to sections 4976, 4977 and 4988, providing penalties for the cutting of certain kinds of trees. These statutes simply impose a penalty for the cutting of thees trees without reference in the language of the statutes, as to whether it be willfully done or otherwise. Yet the court by a long line of decisions has held that the penalty can only attach where the cutting is willfully or recklessly done. *Therrell* v. *Ellis*, 83 Miss. 494, 35 So. 826; *Keirn* v. *Warfield,* 60 Miss. 799; *McCleary* v. *Anthony,* 54 Miss. 708; *Mhoon* v. *Greenfield,* 52 Miss. 434.

We see no reason why there should be any difference in the construction of a statute providing for a penalty for cutting trees and one providing for a penalty for holding over after a lease expires. If one should be permitted in one case to explain his good faith and an honest mistake in his belief, the same should be permitted in the other.

*Fontaine & Fontaine,* for appellee.

The assignments of error are not well taken. It is urged that the first, seventh and eighth, assignment challenge the correctness of the ruling of the court in refusing to permit appellant to show the value of the

property distrained, which went to test the jurisdiction of the court. There was no error in the ruling of the court in refusing to permit appellant to prove the value of the property distrained. This is unlike the ordinary action of replevin; there the value of the property is the test of jurisdiction as to where the suit shall be brought; here an alternative test is provided, the value of the property, or the amount distrained for. Code 1906, sec. 2856, which is identically same as Code 1892, sec. 2518; *Biddle* v. *Payne,* 74 Miss. 490.

The property distrained having been replevied by appellant entering into bond in the sum of four hundred dollars, double the amount distrained for two hundred dollars, which is the jurisdiction, and not the value of the property seized. *Biddle* v. *Payne,* 74 Miss. 494.

It is contended that the fifth, seventh and eleventh assignments of error go to controvert the grounds upon which the distress was sued out. It is abundantly shown by the proof in the cause that appellant was moving the agricultural products from the place.

In this case appellant was in possession of the premises, he could not be dispossessed on account of his appeal to this court, which was never prosecuted, was removing the agricultural products from the premises as fast as possible. He was liable for double rent as long as he held possession which could be recovered as single rent could be. Code 1906, sec. 2883.

The remaining assignments of error are as to whether this was a case in which double rent could be collected. There was no error in sustaining objections to questions to appellant as to whether a hundred dollars was reasonable rent for the year 1914; why he remained on the land for the year 1914, whether or not he stayed under an honest belief that he had a contract and right to stay; whether he conferred with his counsel as to whether or not under the law he had a right to stay, or whether or not his counsel advised him that he did have a right to stay. This testimony would have been com-

petent under the English statutes, and in those states in which it has been reinacted.

These statutes declare: "That if any tenant for life or for years, or any other person that may have come into possession of any lands or tenements under or by collusion with any such tenant shall willfully hold over any lands or tenements, after the expiration of the term, and after demand made, and one month notice in writing, etc." Taylors Landlord & Tenant (5 Ed.) page 389. The authorities cited in appellant's brief, 24 Cyc. 1193, and 4 and 24 Cyc. 1194, and note 54 and authorities therein cited, is the construction placed upon the English statute, and the statute of the different states reinacting them, notably New York and Illinios, which are almost identically the same, all of them providing where tenant shall willfully hold over, etc. 1 N. Y. Rev. Statutes, 745, sec. 11; Rev. Statutes Ill. 1845, chap. 60, sec. 2, which last is the statute under which the case of *Belles* v. *Anderson,* 38 Ill. App. 128, cited by appellant was decided.

But in those states in which the word wilfully holds over is not used it is clearly incompetent, and there was no error in excluding it. The Alabama statute which provides that: "Where a tenant who had entered under a contract of lease, forcibly or unlawfully retains the possession, etc." double the amount of rent for the whole year was recoverable. *Lykes* v. *Schwarz,* 8 So. 71; *Ullman* v. *Herzberg,* 8 So. 408.

Our statute contains neither the terms "willfully holds over" nor "forcibly or unlawfully holds over," the omission of which was evidently intentional, and shuts out all defenses sought to be interposed by appellant in this suit, and moreover it makes the double rent compensatory to the landlord for the time the tenant holds over after the notice was given in writing to quit the demised premises, and deliver up same as required by notice. Code 1906, sec. 2883.

894    W<span>EATHERALL</span> *v.* B<span>ROWN</span>.   [Sup. Ct.

Opinion of the court.   [113 Miss.

There is no analogy between this statute and sections 4976, 4977 and 4988, providing penalties for the cutting of certain kinds of trees, which is purely in tort, a penalty for a trespass, and can have no possible application to this case and moreover we must suppose the omission of the word "willfull" from section 2883 was intentional.

Wherefore it is respectfully submitted that there was no error in the court below in entering its judgment for appellee, and it should be affirmed.

S<span>MITH</span>, C. J., delivered the opinion of the court.

Appellant having secured a remand of the cause to a justice of the peace on the ground that neither the amount distrained for nor the value of the property seized exceeded the sum of two hundred dollars, the court below committed no error in refusing to permit him, in order to show that the justice of the peace was without jurisdiction, to prove that the property seized was worth more than that sum.

No error was committed by the exclusion of the evidence offered by appellant to show that at the time the attachment was sued out there remained on the leased premises agricultural products subject to appellee's lien, more than sufficient to pay the rent claimed, for the reason that an attachment may issue under section 2848 of the Code, the one here invoked, when the landlord shall have just cause to suspect, and shall verily believe, that his tenant will remove from the leased premises any part of the agricultural products on which he has a lien.

The evidence intended to show that appellant's holding over after notice to quit was because of his belief entertained in good faith that he had the right so to do was also properly excluded for the reason that the liability of a tenant holding over after notice to quit for double rent is made absolute by section 2883 of the

Code without reference to his good or bad faith in so doing. The decisions to the contrary to which we have been referred, so far as we have been able to ascertain, are based upon statutes providing for double rent in event a tenant willfully holds over after notice to quit, and are consequently of no assistance here, for "the word 'willfully' means not merely voluntarily, but with a bad purpose." 8 Words and Phrases (1st Ed.) 7469.

*Affirmed.*

### ON SUGGESTION OF ERROR.

Appellant suggests that, in holding that the court below committed no error in excluding the evidence offered by him to show "that at the time the attachment was sued out there remained on the leased premises agricultural products subject to appellee's lien more than sufficient to pay the rent claimed," we overlooked the provision of the statute that such removal must be of such character "that distress cannot be made." This provision of the statute has no application to agricultural products on which a lien is given by statute independent of the seizure thereof at the instance of the landlord, but applies only to such property as may be subjected to the payment of rent by seizure without prior lien thereon. The distinction made by the statute between these two classes of property was referred to in *Henry* v. *Davis,* 60 Miss. 212, and the reason therefor explained.

*Overruled.*