STOLLENWERCK ET AL. v. EURE.

[82 South. 68, In Banc. No. 20705.]

LANDLORD AND TENANT. *Recovery of rent. Unlawful detainer proceeding.*

Rent is recoverable in unlawful entry and detainer suits though the affidavit prescribed by Code 1906, section 5041 (Hemingway's Code, section 3313), does not contain a demand for rent; the rent being recoverable as an incident to the suit. The legislature has adopted section 82, Code 1906 (Hemingway's Code, section 62), relating to unlawful entry and detainer as a part of the proceeding under Code 1906, section 2885 )Hemingway's

Code, section 2383), by a landlord to get possession of the rented premises and in such proceeding a recovery of rent is also permissible though not claimed in the affidavit.

ON SUGGESTION OF ERROR.

For former opinion see 81 So. 594, 119 Miss. 854.

ETHRIDGE, J., delivered the opinion of the court.

We have considered the suggestion of error *in banc* for the reason that the imposition of double rent in a proceeding of this kind had not heretofore been imposed so far as our attention has been called, and because of the earnestness with which it was insisted that we erred in allowing the claim for double rent without written pleadings or written demand.

The conclusion of the original opinion on the liability for a double rent is supported by the case of *Weatherall* v. *Brown,* 113 Miss. 887, 74 So. 765. Division A of this court in that case held that the holding over need not be willful or with a bad purpose, and that the double liability is made absolute by section 2883, Code of 1906, without reference to the good faith or bad faith in so doing. In the case of *Paxton* v. *Oliver,* 70 Miss. 570, 12 So. 799, it was held that in cases of this kind the legislature adopted section 82, Code of 1906 (section 81, Code of 1892; section 62, Hemingway's Code), as a part of this proceeding. Accepting that case as authority, it is distinctly provided in that section:

"And the circuit court shall, at the first term, hear and determine the cause anew on its merits, in a summary way; and on the trial in the circuit court, the plaintiff may claim for all arrears of rent due at the time of such trial, or for the use and occupation of the premises up to that time."

The statute (section 5041, Code of 1906; section 3313, Hemingway's Code) prescribing form of affidavit in unlawful entry and detainer does not contain a demand for rent, but it is recoverable under the statutes as an incident. In 37 Cyc. 530, it is said:

"Formal pleading is not, however, usually necessary in summary proceeding, and unless the statute otherwise provides all defenses except the statute of limitations, set-off, or matters in abatement may be given in evidence without a plea."

In a summary proceeding of this kind rent is an incident to the suit, and the defendant is charged with notice under the statute that the plaintiff will have the right and opportunity to introduce evidence as to rents and must be prepared to meet this issue. In the present case the correspondence shows that the rent which was being paid under the contract was sixty dollars per month, and there was no contest over this amount, and the theory of the appellant's brief on the main question was that he had a contract for a year at this amount per month. The correspondence showed, however, that there was no contract for a year, as the minds of the parties never met on that proposition, but the rent was fixed from month to month by written agreement of the appellee, on the application of the appellant for additional time in which to vacate.

The suggestion of error is overruled.

*Overruled.*