SHERRILL *v.* STEWART.

(In Banc. April 10, 1944.)

[17 So. (2d) 443. No. 35609.]

Gaston H. Hewes and Jo Drake Arrington, both of Gulfport, for appellee, on motion to dismiss appeal.

White & Morse, of Gulfport, for appellant, on motion to dismiss appeal.

**Smith, C. J.**, delivered the opinion of the court.

The appellee purchased the house in which the appellant was living and on her refusal to surrender possession thereof instituted this action in the county court of Harrison County for the possession of the property and a judgment against the appellant for double rent therefor. The defense plead by the appellant to this action was that she was in possession of the property under an unexpired lease thereof from its former owner at a rental of $50 per month. The case was tried before a jury by the county court which resulted in a verdict and judgment for the appellee for possession of the property and for the sum of $50 per month as rental therefor for the time the appellant was in default in the payment thereof. The appellee obtained an instruction to the jury which would have permitted it to return a judgment for him for double rent but his counsel when arguing the case advised the jury that the claim for double rent was withdrawn and that "we only ask for possession of the premises and $50 per month rent."

When the case reached the circuit court on appeal, the lease which the appellant claimed to have on the property had expired. A motion was there made by the appellee to dismiss the case as having become moot, but it was overruled and the judgment of the county court was affirmed by the circuit court. When the case reached the Supreme Court the appellee filed a motion therein asking that the appeal be dismissed for the reason that the lease under which the appellant claims the property having expired and the rent recovered by the appellee being that only which the appellant admitted to be due the case had become moot. Citing in support thereof Thomas v. Ferrell, 184 Miss. 87, 184 So. 425.

The only answer counsel for the appellant make to this motion is to cite the case of Henley v. Kilbas, 188 Miss. 604, 195 So. 582, and say that this motion is controlled thereby and therefore should be overruled. In that case the landlord recovered a judgment for the possession of property withheld from him by his tenant in an action in which no claim for rent was asserted. The claimed lease of the tenant expired by the time the case was appealed to this court, which declined to dismiss the appeal on the ground that the case had become moot for the reason that the judgment appealed from adjudged that the tenant was wrongfully in possession of the property and might therefore subject him to a claim by the landlord for double rent. No such prospective liability of the tenant here appears for the reason that the appellant's liability for rent was here adjudicated and the landlord recovered only that rent which the tenant admitted to be due. The motion will be sustained.

Appeal dismissed.