SHERRILL *v.* STEWART.

(In Banc.   Nov. 26, 1945.)

[23 So. (2d) 915.   No. 35938.]

See, also, 197 Miss. 880, 21 So. (2d) 11, 477.

**White & Morse**, of Gulfport, for appellant.

**Gaston H. Hewes** and **Jo Drake Arrington**, both of Gulfport, for appellee.

Gaston H. Hewes and Jo Drake Arrington, both of Gulf-port, for appellee and cross-appellant.

220

**White & Morse**, of Gulfport, for appellant and cross-appellee.

Argued orally by **Stanford E. Morse**, for appellant.

**Alexander, J.**, delivered the opinion of the court.

This is the third appearance of this controversy before this Court. See, 196 Miss. 422, 17 So. (2d) 443; 197 Miss. 880, 21 So. (2d) 11, 17, 477. The history of the case and the original pleadings are set out in the latter report, in which we remanded the matter "in order that further proceedings be had in line with the views we have expressed here both as to that Replication (number 2) and as to the plea of the statute of limitations, feeling that the trial judge will then give further consideration to the matter of interest and adjudicate same on a retrial."

Upon remand the landlord, Stewart, filed his replication to this plea, which latter had been reinstated after a dismissal by the trial court on motion of the landlord. A demurrer to the replication was overruled and the tenant filed her rejoinder to which demurrer was sustained. In default of further pleading by the tenant judgment was awarded to the landlord for single rent from May 15, 1943, to August 25, 1943, and double rent from August 26, 1943, to the date premises were vacated, June 15, 1944, with interest.

We need not recite the considerations which would justify a refusal of an award of double rent from the date of notice to vacate up to July 1, 1943, on which date the tenant asserted her established term expired. These considerations appear in the pleadings as set forth in the former hearing and include the concession of the landlord's counsel that double rent was waived in the original proceedings, culminating in a judgment for single rent on May 14, 1943, and the subsequent contentions upon appeal. Resistance by the tenant to motion to dismiss the appeal (196 Miss. 422, 17 So. (2d) 443) was based on her assertion that double rent was still involved in the appeal, whereas the motion of the landlord to dismiss as grounded upon the theory that since the term asserted by the tenant herself had expired on July 1, 1943, the question was no longer involved, having become moot. Both parties risked inconsistency in their respective positions. Other considerations lead us to the conclusion that, apart from the defense of limitations, double rent was not recoverable prior to July 1, 1943. However, the former suit and the judgment of May 14, 1943, judicially established tenant's status as that of a trespasser, and her own defense made effective the consequences of such status on and after July 1, 1943.

We hold, in line with the views expressed in the second appeal, 197 Miss. 880, 21 So. (2d) 11, that the claim for double rent is one for a penalty and is confined by the one year statute of limitations, Code 1942, sec. 731, to the period from August 26, 1943, to the date the second suit was filed, August 26, 1944. Since the tenant surrendered possession on June 15, 1944, the maximum allowable period would be from August 26, 1943, to the latter date.

However, the admission made by the tenant's demurrer to the replication to special plea number two that the landlord had verbally consented on April 12, 1944, to her remaining on the premises was reproduced in the tenant's rejoinder, which relied upon the very exhibits attached to this replication of the landlord. These included certain correspondence between the parties by their attor-

neys. Among these are a letter dated April 26, 1944, from the landlord's attorney as follows:

"Confirming our telephone conversation, at which my associate Gaston Hewes was present, this is to state that our client, Charles Stewart, will give your client, Mrs. Sherrill, a reasonable time in which to remove from the property involved in the recent litigation between them. The mandate from the Supreme Court has not yet been received, and of course no process is issuable until it has been, and in view of your attitude and your assurance that Mrs. Sherrill is making arrangements to remove from the premises, we have no intention of, and see no necessity for, issuing any process, provided, of course, Mrs. Sherrill removes in a reasonable time.

"Furthermore, before Mr. Stewart removes into the dwelling house it will be necessary for him to make certain repairs and to do some painting of the fence and house. He will be ready to begin the painting on the outside of the house and of the fence about June 1, 1944, and we should like for Mrs. Sherrill to be removed from the premises by that date. But whether she is or not, this is notice that Mr. Stewart will authorize the contractor to proceed with the painting of the fence and the outside of the house. Therefore, no process to put Mr. Stewart in possession of the property will be issued before June 1st, by which time Mrs. Sherrill should have been able to effect her removal without any serious inconvenience. But, of course, if she is not removed by June 1st, my client will be glad to be reasonable and allow her a few additional days; however, he will go ahead with the painting.

"Our client, Mr. Stewart, of course waives none of his rights under the law, and this letter is really in compliance with the spirit of the law, which seeks to be reasonable and civilized under all the circumstances. I know you will not be disposed, and that if she were you would not permit her, to take advantage of our desire to be reasonable and considerate, and that you will insist and

see that she removes from the property as soon as possible under the circumstances.

"Sincerely yours,
"Jo Drake Arrington."

and the reply of the tenant's attorney as follows:

"Reference is made to your letter of April 26th. Your letter does not cover, except in a general way, some of the terms we agreed on. However, it is my understanding that the intention of our oral agreement will be carried out.

"You state that Mr. Stewart waives none of his rights under the law, and it is not our purpose to ask him to do so. Likewise, Mrs. Sherrill waives none of her rights or actions under the law.

"I feel sure possession of the house will be given Mr. Stewart by the time we agreed upon.

"Yours very truly,
"S. E. Morse."

The rejoinder of the tenant asserted that "there was a continuing waiver of said double rent" and among the exhibits thereto proffered were the letters above quoted and certain allegations in the briefs filed by the landlord in the first and second appeals. The tenant further asserts the implications from a failure of the landlord to treat her as a trespasser and waiver of such process as would be appropriate to this status. The issues raised by the rejoinder were therefore substantially those made by the replication to the special plea number two. We hold the view that the demurrer to the rejoinder ought not to have been sustained and in view of the exhaustive and exhausting pleadings there has been developed a body of uncontroverted facts which justify our conclusions of law.

We are of the opinion that the tenant was liable for double rent beginning August 25, 1943, up to April 12, 1944, at which time the first assurances were given to tenant, which are legally inconsistent with a status of trespasser. The tenant was of course a trespasser or a tenant and the waiver of dispossessory process was a

waiver of so much of the landlord's rights as would appertain to her status as a trespasser. Regardless of the reason for the landlord's concession or the reservations implied or expressed, appellant thereafter remained upon the property with the knowledge and consent of appellee. So that liability for single rent accrued May 15, 1943, and ran up to July 1, 1943. Thereafter tenant was bound for double rent up to April 12, 1944, save for such period as fell without the one year limitation, to wit, from July 1, 1943, to August 26, 1943. During this excepted period she was, of course, liable for single rent and likewise for the period from April 12, 1944, to June 15, 1944. By way of summation, and lest that confusion which has perhaps unavoidably beset this cause may persist, we find that appellant is liable for single rent at the rate of $50 per month from May 15, 1943, to August 26, 1943, and from April 12, 1944, to June 15, 1944, and for double rent, or $100 per month, during the interval between August 26, 1943 and April 12, 1944, with interest to be computed from the accrual of each respective liability.

We have noted the other assignments, some of which deal with the trial court's refusal to allow additional replications to special pleas 1 and 2, which are merely redundant of the replications theretofore filed. For the reason that the cause came to us upon appeal from the order sustaining demurrer to the tenant's rejoinder with final judgment, we must be content to settle the law of the case and remand the cause for further proceedings consistent herewith. There were cross-assignments filed by the appellee raising the points above decided.

Reversed and remanded on both direct and cross-appeals.