STOVALL *v.* GARDNER.

(In Banc. June 14, 1948.)

[36 So. (2d) 163. No. 36805.]

528

Satterfield, Ewing & Hedgpeth and Frank T. Williams, all of Jackson, for appellant.

**R. H. & J. H. Thompson,** of Jackson, for appellee.

**E. H. Cunningham, Jr.**, of Jackson, amicus curiae.

Argued orally by **Harvey T. Hedgepeth**, for appellant, and by **Bob Thompson**, for appellee.

**Alexander, J.,** delivered the opinion of the court.

Appellee filed her affidavit under Code 1942, Section 949, to remove appellant as a tenant of certain premises in the City of Jackson. The affidavit recited the prior issuance of a certificate of authorization thereunto by the Office of Price Administration for the area involved. The proceedings for eviction are found to be regular. Judgment of eviction was entered by the county court, and upon appeal to the circuit court there was a directed verdict for the landlord, together with judgment for double rent pursuant to Code 1942, Section 947.

Certain irregularities were pressed by appellant involving the proceedings before the Office of Price Administration. We have examined all these and do not find in them sufficient substance to avoid the eviction proceedings. It is worthy to note that the federal agency, although it filed brief as amicus curiae herein, raised no point that the precedent authority it had given was inadequate.

Our chief inquiry relates to the right of the landlord in such case to double rent after notice to the tenant. The certificate of the O. P. A. described the tenant and the premises and stated ''This certificate only authorizes an action to be brought for the eviction or removal of the tenant instituted in accordance with the requirements of local law . . .''

Let us first examine the nature of the ''double rent'' provided by the ''local law.'' The additional burden thus imposed is a penalty. Sherrill v. Stewart, 199 Miss. 216, 23 So. (2d) 915. It is not rent in the accepted sense. Rent is a stipulated consideration for the use or occupancy of property. It is the subject of contract actual or implied. As such it was subject to the control and limitation under the federal statutes administered by the O. P. A. The landlord had no authority to exact under any contract a higher compensation for such occupancy than that allowed by the federal agency.

Authorization by the O. P. A. to proceed under the local law lifted pre-existing barriers to the eviction of the tenant after due notice. Thereafter the tenant is chargable not for his occupancy but for his obstinacy. His occupancy after notice is unathorized and unlawful. Compare 32 Am. Jur., Landlord and Tenant, Sec. 919, p. 779. His right to remain is removed by the withdrawal of the protection of the federal regulation; his duty to vacate arises from the notice by the landlord. Thenceforward his obligation arises not by contract but by "local law." The O. P. A. suspended the operation of certain state statutes, but did not repeal them. Its protection extended only to those who had not forfeited their rights under local laws. It was never intended that those would be protected who had been denied the right of occupancy. The operation of local laws was left free as against those who having lost the status of a tenant, were no longer objects of federal concern. Moreover, the liability of a tenant holding over after notice to quit, for double rent is absolute. Weatherall v. Brown, 113 Miss. 887, 74 So. 765. Although computed upon the basis of former rent, it is not rent. Above all, as heretofore stated, it accrues not by contract but is imposed by statute. When the relation of landlord and tenant is lost, so also the protection and supervisory power of the O. P. A.

We must hold, therefore, that one who is no longer within the orbit of the federal statute because no longer a tenant, cannot avoid the penalty provided by Section 947. It is the law and not the landlord which makes this exaction.

We are aware that several courts have expressed views at variance with our conclusion. We have examined these opinions with interest but do not find in them sufficient reason to justify the surrender of our convictions.

Affirmed.