JOSEPH M. MILBERG, RESPONDENT, v. ANNA KEUTHE, OTHERWISE KNOWN AS ANNA KEUTHE WALTER, AP-PELLANT.

Argued March 23, 1923—Decided June 18, 1923.

1. A summary judgment in an action of ejectment is authorized by sections 15 and 16 of the Practice act of 1912 (*Pamph. L., p.* 380), when the answer is frivolous or sham, and has been stricken out, leaving the plaintiff's claim wholly uncontested.
2. A Supreme Court commissioner designated by the Supreme Court to hear and determine motions preliminary to trial, pursuant to section 17 of the Practice act of 1912 (*Pamph. L., p.* 380), has no power to make an order for summary judgment in an action in the Supreme Court.

---

On appeal from the Supreme Court.

For the appellant, *Stover & Pellet* (*Otmar J. Pellet* on the brief).

For the respondent, *David H. Stemer* (*Gross & Gross* on the brief).

The opinion of the court was delivered by

TRENCHARD, J. This is the appeal of the defendant below from a summary judgment in favor of the plaintiff for possession of the premises in an ejectment suit in the Supreme Court, entered upon an order made by a Supreme Court commissioner.

The record discloses that, after answer "filed" by the defendant, the plaintiff gave notice that he would move before "the Honorable William H. Speer, Circuit Court judge, as Supreme Court commissioner" to strike out the answer on the ground that the answer was sham and frivolous and disclosed no defence, and for summary judgment. On the hearing, an order was made by "William H. Spear, Supreme Court commissioner" that the answer be vacated and that the "plaintiff do recover against the said defendant the possession of the premises mentioned and described in the said complaint with the appurtenances," and final judgment was accordingly so entered with costs. This appeal is from that order and judgment.

The appellant makes two points only: (1) that "a summary judgment in an action of ejectment is unauthorized;" (2) that "a Supreme Court commissioner has no power to make an order for summary judgment in the Supreme Court."

We are of the opinion that the first point is ill founded in law. A summary judgment in an action of ejectment is authorized by sections 15 and 16 of the Practice act of 1912 (*Pamph. L., p.* 380) when the answer is frivolous or sham, and has been stricken out, leaving the plaintiff's claim wholly uncontested.

Section 15 declares that "Subject to rules, any frivolous or sham defence to the whole or any part of the complaint may be struck out; or, if it appear probable that the defence is frivolous or sham, defendant may be allowed to defend on terms. Defendant, after final judgment, may appeal from any order made against him under this section."

Section 16 reads: "If the answer as filed, or after any part thereof shall be struck out, leaves a part of the plaintiff's claim uncontested, judgment interlocutory or final may be entered for such part as is not contested and the cause may proceed to trial as to the residue."

Supreme Court rules 80 to 84 inclusive (edition 1919), relating to the entry of summary judgments, and to which the foregoing sections are "subject," do not exclude ejectment suits from their operation.

The foregoing observations dispose of the narrow question raised and argued under this point.

It may, however, be worth while to point out that the terms "frivolous" and "sham" as used in section 15 do not mean precisely the same thing. A sham answer is one good on its face, but false in fact; a frivolous answer is one which on its face sets up no defence, although it may be true in fact. A frivolous answer is always assumed to be true, while a sham answer must be admittedly false or conclusively proved to be so; the character of the former is determined by mere inspection, while that of the latter is usually determined by proof *aliunde*. See *In re Beam*, 93 *N. J. Eq.* 593, and *Fidelity Mutual Life Insurance Co.* v. *Wilkesbarre, &c., Ry. Co., ante p.* 507. But, of course, neither a sham answer nor a frivolous answer is a legal defence to an action, and sections 15 and 16 of the Practice act of 1912 provide a summary method of striking out such an answer and for the entry of summary judgment.

But we think that the second point is well taken. A Supreme Court commissioner has no power to make an order for summary judgment in an action in the Supreme Court.

Rule 84 of the Supreme Court declares that: "No summary judgment shall be entered except by virtue of an order of the court or a justice at chambers, and the application for such judgment may be made on *ex parte* affidavits, and shall be made on four days' notice, unless the court or the justice, for special reasons, shall order shorter notice."

Doubtless the learned and careful judge, who, as Supreme Court commissioner, dealt with this matter, considered that

power to do so was conferred by virtue of his designation by the Supreme Court as Supreme Court commissioner to hear and determine motions preliminary to trial.

But that is not so. Such designation was made pursuant to section 17 of the Practice act of 1912. *Pamph. L., p.* 380. That section provides that "the court may, under such conditions as it may fix, require any or all motions preliminary to trial to be heard and determined by Supreme Court commissioners designated by the court," &c.

Rules 92 to 96 inclusive "fix" the conditions.

Rules 94 and 95 define and outline the jurisdiction of the designated Supreme Court commissioner.

Rule 94 provides that he may "make such order as the court might make and as may be just in respect to the following matters, subject to an appeal within five days to a judge of the court in which the action is pending; objections to pleadings (other than those provided for in rules 40 and 56), amendments thereof, and leave for additional pleadings; settlement of issues; bills of particulars; admissions; interrogatories; discovery of and inspection of books, papers and other documents; examination of parties before trial; any other interlocutory matter preliminary to, and in preparation for, trial, but not including postponement of trial." It will be seen that thereby power to deal with objections to pleadings provided for in rule 40 is expressly denied. Rule 40 declares that "Any pleading may be struck out on motion on the ground that it *discloses no* cause of action, *defence* or counter-claim respectively. The order made upon such motion is appealable after final judgment. In lieu of a motion to strike out, the same objection, and any point of law (other than a question of pleading or practice) may be raised in the answering pleadings, and may be disposed of at, or after, trial; but the court, on motion of either party, may determine the question so raised before trial, and if the decision be decisive of the whole case the court may give judgment for the successful party or make such order as may be just."

Rule 95 provides that "Prior or subsequent applications or motions in the cause before trial may be made to the commissioner on two days' notice."

It is seen, therefore, that neither rule 94 nor rule 95 empower the commissioner to strike out an answer on the ground that it is sham or frivolous and discloses no defence.

It is likewise plain that rule 41 does not confer *such power* upon the Supreme Court commissioner. That rule declares that "Objections to pleadings *other than those provided for in rule 40* above, shall be made by motion. The action of the court thereon is appealable after final judgment." There again the power to deal with objections to pleadings provided for in rule 40 is reserved, which rule, as we have seen, provides for striking out of pleadings that disclose no defence.

Since the motion in question was to strike out the answer upon the ground that it was sham and frivolous and disclosed no defence to the action, it follows that the Supreme Court commissioner had no power to deal with it, and consequently no power to make the order for summary judgment under review.

In passing it will be noticed that it has been held that under rule 40 a Circuit Court judge, to whom a Supreme Court issue has been referred for trial, as authorized by chapter 118 of *Pamph. L.* 1906, *p.* 209, has power, at the trial, to strike out a "defense" on the ground that it discloses no defense, when the objection is raised by the plaintiff's answering pleading. *Keppelon v. W. M. Ritter Flooring Corp.,* 97 *N. J. L.* 200. But this princple has no application to the instant case. Here there had been no reference to the Circuit Court judge for trial, and the action was taken, not as Circuit Court judge, but as Supreme Court commissioner. Moreover the objection was not raised by the plaintiff's answering pleading.

With respect to the assertion, made for the first time in plaintiff's brief, the defendant's answer was not *filed,* it is sufficient to say that the record presented to us is to the contrary, and the answer was treated as filed by all concerned.

The order and judgment under review will be reversed.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, TREN-CHARD, ·PARKER, BERGEN, MINTURN, KALISCH, BLACK, KATZENBACH, WHITE, HEPPENHEIMER, ACKERSON, VAN BUSKIRK, JJ. 13.