HENLEY v. KILBAS.

(Division A. April 22, 1940.)

[195 So. 582. No. 34136.]

Ford & Ford, of Pascagoula, for appellant.

606

Otto Karl Wiesenburg, of Pascagoula, for appellee.

**Griffith, J.,** delivered the opinion of the court.

During the month of October, 1932, appellee rented a small store building to appellant. Appellee admits that the term of the original lease was for one year, although the rental was payable monthly. Without any modification of the original lease contract, as regards the time element, appellant continued to hold over from year to year, when, on December 19, 1938, the landlord gave notice to the tenant to quit the premises on or before January 13, 1939; and the tenant having declined to do so, the landlord soon thereafter brought this action to evict him.

The landlord was not entitled to maintain the action, because, in October 1938, the tenant had entered, without notice or objection to the contrary, upon another year, so that the tenant's right would not expire until October, 1939. The case did not come on for trial, however, in the circuit court until November 29, 1939, when the court gave a peremptory instruction in favor of the landlord, which action of the court is defended here on the sole ground that on the date last aforesaid the issue had become moot.

When a person is out of possession, or is deprived of the use or benefit of property, or of some right or interest therein, or of any other benefit recoverable in law or in equity, and his suit or action therefor does not come on for trial until the asserted right has expired and has become in all respects as completely extinct as if it had never existed at all, so that a judgment upon the merits, if rendered, would be of no practical benefit to the plaintiff or detriment to the defendant, such a case is moot. This is illustrated by such cases as Thomas v. Ferrell, 184 Miss. 87, 184 So. 425.

But when a person is rightfully in possession of leased premises and the landlord seeks wrongfully to evict him, the case does not become moot upon the mere fact that the tenant's term has expired before the time of trial,

because, in such a case, the general judgment in favor of the landlord, as was rendered in the instant case, would be to adjudge that the tenant was wrongfully in possession at the time the action was filed and before his rightful term expired, and might subject him to double rent under section 2225, Code 1930. This principle is illustrated by such cases as Cahn v. Wright, 108 Miss. 420, 421, 66 So. 782, and a case directly in point is Kaufman v. Mastin, 66 W. Va. 99, 66 S. E. 92, 25 L. R. A. (N. S.), 855.

It seems to have been assumed that the notice to the tenant given on December 19, 1938, to vacate on or before January 13, 1939, would serve as a notice to quit at the end of the year or during October, 1939. We intimate no opinion whether such a notice to quit at a designated time can be made to serve for another and a later unspecified time.

Reversed and remanded.