SHERRILL *v.* STEWART.

(In Banc. Feb. 26, 1945. Suggestion of Error Overruled March 26, 1945.)

[21 So. (2d) 11. No. 35792.]

White & Morse, of Gulfport, for appellant.

Jo Drake Arrington and Gaston H. Hewes, both of Gulfport, for appellee.

886

Argued orally by **S. E. Morse**, for appellant, and by **Jo Drake Arrington**, for appellee.

**L. A. Smith, Sr., J.**, delivered the opinion of the court.

This suit is founded on a declaration filed in the Circuit Court of Harrison County, by Charles H. Stewart, as plaintiff, appellee here, against Mrs. H. V. Sherrill, as

defendant, appellant here. The declaration was based on the previous relationship of landlord on the part of Mr. Stewart and tenant on the part of Mrs. Sherrill, and sought to recover from Mrs. Sherrill double rent from May 14, 1943 to June 15, 1944, on the complaint that notice had been given to the tenant by the landlord, which the tenant is charged to have ignored, resulting in a suit by the landlord in the County Court for dispossession of the tenant after notice to vacate and for double rent. In the County Court the landlord by his attorney, after having obtained an instruction from the Court as to double rent, in his argument before the jury waived double rent. The jury brought in a verdict for the landlord awarding him possession and a judgment for single rent. Whereupon the tenant appealed to the Circuit Court, in which Court the County Court was affirmed. The tenant then appealed to the Supreme Court. Both appeals were procured on supersedeas bonds, which enabled the tenant to remain in possession pending the result of the litigation. The double rent then was from December 1, 1942, to May 14, 1943, which waiver was made the basis of a motion to dismiss the appeal in the Supreme Court by the landlord on the grounds that the question was moot when reached on the docket of the Supreme Court. The Supreme Court sustained the motion to dismiss and in its opinion, Sherrill v. Stewart, 196 Miss. 422, 17 So. (2d) 443, 444, the Supreme Court after setting out the contention of appellee on the motion to dismiss, which cited Thomas v. Ferrell, 184 Miss. 87, 184 So. 425, said this:

"The only answer counsel for the appellant make to this motion is to cite the case of Henley v. Kilbas, 188 Miss. 604, 195 So. 582, and say that this motion is controlled thereby and therefore should be overruled. In that case the landlord recovered a judgment for the possession of property withheld from him by his tenant in an action in which no claim for rent was asserted. The

claimed lease of the tenant expired by the time the case was appealed to this court, which declined to dismiss the appeal on the ground that the case had become moot for the reason that the judgment appealed from adjudged that the tenant was wrongfully in possession of the property and might therefore subject him to a claim by the landlord for double rent. No such prospective liability of the tenant here appears for the reason that the appellant's liability for rent was here adjudicated and the landlord recovered only that rent which the tenant admitted to be due. The motion will be sustained.'' When this appeal was dismissed, which was April 10, 1944, the tenancy of Mrs. Sherrill had expired July 1, 1943, by her own admission.

Mr. Stewart filed the case at bar on August 26, 1944, for a judgment against Mrs. Sherrill for the sum of $1,300 for thirteen months double rent at the rate of $100 per month plus interest at 6% together with all costs, for the period from May 14, 1943 to June 15, 1944, or eleven months.

The declaration in substance alleged that on October 8, 1942, the plaintiff Mr. Stewart, appellee in this case, bought the property in controversy under a contract of sale which gave him the right of possession. The defendant, Mrs. Sherrill, appellant, had been occupying the property as a tenant under appellee's grantor from month to month, according to the declaration. On October 8, 1942, appellee gave written notice to appellant to vacate the premises on November 1, 1942. On November 10, 1942, appellee gave appellant another notice to vacate by November 20, 1942, which last notice was given, as alleged, so as to comply with Supplementary Amendment 6 to Maximum Rent Regulations for housing accommodations other than hotels and rooming houses. The declaration stated that appellant refused to vacate, whereupon appellee then filed the suit referred to above by affidavit in the County Court for removal of the defendant

and for double rent. Copies of the two notices and of the affidavit are filed as exhibits to the declaration in this case. The appellant filed an answer as alleged in the declaration in the County Court case that she was renting the property on a year to year basis and her term did not expire until July 1, 1943. A copy of this answer was exhibited with the declaration. The declaration then alleged that the County Court tried the case with a jury on May 14, 1943, and the verdict was for the appellee for possession and single rent of $50 per month, the plaintiff in his argument to the jury waiving double rent. It is alleged this rent had accrued to the appellee from December 1, 1942, to the day of the trial in the County Court. A copy of the judgment was exhibited to the declaration. The declaration alleged that the defendant still refused to vacate but appealed to the Circuit Court with a supersedeas bond where the County Court was affirmed January 10, 1944, and a copy of the judgment of the Circuit Court was filed as exhibit to the declaration. The declaration stated that the appellant still refused to vacate and on January 29, 1944, appealed to the Supreme Court with supersedeas, where, the declaration stated, the appellee filed a motion to dismiss the appeal since no double rent was asked; which motion was sustained and the judgment and mandate of the Supreme Court were filed as exhibits to the declaration in this present case. Following dismissal the appellant finally vacated on June 15, 1944, and the declaration alleged that after being duly notified to vacate and failing to do so appellant became liable under Section 2225, Code of 1930, now Section 947, Code of 1942, and continued to be liable for double rent after December 1, 1942, but appellee, as aforesaid, waived double rent from December 1, 1942, to May 14, 1943, but the declaration claimed double rent for each month after the latter date for the reason as alleged that appellee became liable for double rent while in possession from May 14, 1943, to June 15, 1944. (It will be borne in mind

that the term of appellant as tenant, by her own declaration, expired July 1, 1943.)

Continuing further with the declaration: There were filed as exhibits to it, in addition to the above mentioned exhibits, the answer of the defendant in the County Court.

As stated, judgment was rendered in the County Court for appellee and this judgment was exhibited to the declaration. The judgment of the Circuit Court affirmed the County Court and it, together with the mandate and judgment of the Supreme Court dismissing the appeal of appellant as moot, were also exhibited as stated.

To this declaration defendant filed three pleas, first, a plea nil debit. The second called Special Plea No. 1, is a plea of limitations in that Section 2225, Code 1930, Section 947, Code 1942, is claimed to be a penal statute, that is to say, double rent is a penalty and the action by appellee was not commenced within one year next after double rent is alleged to have accrued as required by Section 2301, Code 1930, Section 731, Code 1942. And the third, called Special Plea No. 2, is a plea of estoppel. This plea may be summarized as follows: It averred that the position of appellee in the present suit was inconsistent with his position in the proceedings of the previous suit referred to and exhibited with the declaration here, being between the same parties and relating to the same subject matter. It was further averred in said Plea No. 2 that appellant was a tenant by the year, that her term did not expire until July 1, 1943, and that before her term expired on October 8th and November 10, 1942, appellee gave her notice to remove from the premises, which notice was insufficient to require her removal until July 1, 1943. An action was commenced in the County Court on May 14th, 1943, in which trial during his argument to the jury appellee's counsel said: ''We are not asking you to bring in a verdict for double rent in this case. We only ask for possession of the premises and fifty dollars per month rent.''

To which argument in that trial a special bill of exceptions was taken. The litigation in the County Court resulted in a judgment for appellee for possession of the premises and $50 per month rent. Feeling aggrieved, the appellant appealed the case to the Circuit Court, where the judgment of the County Court was affirmed, from which Circuit Court judgment appellant appealed to the Supreme Court. When the appeal was perfected in the Supreme Court, appellee filed a motion to dismiss the cause as being moot, a copy of which was exhibited with this Plea No. 2 and a brief was also filed by appellee's attorney, copy of which was also exhibited. Appellant by her attorney filed a reply brief, copy of which was also exhibited. The Special Plea No. 2 then alleges that attorney for appellee filed a rejoinder brief, setting up new matters in avoidance, and certified that a copy thereof had been mailed to the attorneys for appellant, although failing actually to mail said copy, which was also exhibited. It is then alleged that appellant's attorney had no knowledge of the rejoinder brief by appellee until after the Supreme Court had sustained the motion to dismiss, whereupon attorney for appellee was immediately notified, who, it is said, admitted he had failed to send appellant's attorney a copy of the rejoinder brief.

The plea continued by stating the attorneys for appellant prepared a motion to reinstate the case on the docket of the Supreme Court, copy of which was also exhibited, but which was never filed, it was alleged, for the reason that an agreement was reached with attorney for appellee that in lieu of filing said motion to reinstate appellant could remain on the premises until June 15, 1944, with the right to appellee to paint the exterior of the house and the fence on and after June 1, 1944.

Appellant stated in this Plea No. 2 that she paid the judgment rendered against her, and costs, interest and damages, and tendered $651.66 in full settlement of her rent, she said, from May 15, 1943, through June 15, 1944,

and alleged it was thereafter for the first time appellee and his attorney refused to accept said offer and demanded double rent.

Appellant, in said Special Plea No. 2 continued by alleging that the position asserted in the first cause was successfully maintained—a judgment was rendered in the County Court, affirmed by the Circuit Court, and the motion to dismiss the appeal in the Supreme Court was sustained. It was alleged also that in the first proceeding, and in the Supreme Court on the motion to dismiss, appellee here asserted he was not claiming double rent, whereupon the Supreme Court dismissed the appeal. The position maintained by appellee in that proceeding and the one at bar, it was claimed in Plea No. 2, were inconsistent, the parties and the questions involved being the same.

It was also alleged further in Plea No. 2 that appellant had a right to answer the rejoinder brief for appellee filed in connection with the motion to dismiss the former appeal here as moot, especially where, it was claimed, new matters were alleged. And that she had a right to move this Court to reinstate said appeal; that it was the contention of appellee, on which she relied, in the former proceedings of the litigation between them, in the County Court, the Circuit Court, and the Supreme Court that he was not claiming double rent; that she was misled thereby and did not file her motion to reinstate, but, on the contrary, agreed with counsel for appellee to vacate the premises on June 15, 1944; that by so doing her position was changed and she lost the right to have her motion passed on by the Supreme Court. It was further charged in this Plea No. 2 that it would be unjust to appellant to permit appellee to claim double rent now, when he was successful in the previous cause in having the appeal dismissed by asserting that "the question of double rent is excluded as even a theoretical possibility."

Appellant also filed a written tender and tendered into court "the sum of $651.66 together with the costs that

have accrued to date. Defendant alleges that said sum is in satisfaction of the plaintiff's alleged claim." This offer of satisfaction was filed October 2, 1944. It was declined by appellee.

The complainant filed a replication to Special Plea No. 1, which plea was of the statute of limitations for one year for recovery of a penalty. Which said replication is as follows:

"Now comes the plaintiff, Charles H. Stewart, and for replication to Special Plea Number One filed by the defendant in said cause says that the plaintiff ought not to be barred from having his action for, and recovering from the defendant, double rent for the period beginning May 15, 1943, and ending August 25, 1943, for the reason that during such period of time and continuously thereafter until the 10th day of April, 1944, said defendant's liability for double rent was contingent on the outcome of litigation then pending, wherein said defendant was appealing with supersedeas bond from the judgment of the County Court of Harrison County in favor of this plaintiff in cause number 6326 in said County Court, the said judgment being Exhibit E to the declaration herein, and hereby made a part of this replication as fully as if copied herein; and from the judgment of the Circuit Court of Harrison County with supersedeas bond in cause number 10,875 of said Court, the said judgment being Exhibit F to the declaration herein, and which is hereby made a part of this replication by reference the same as if fully copied herein, which said then pending litigation was terminated by judgment of the Supreme Court of Mississippi in cause number 35,609, being Exhibit G to the declaration herein, and which is hereby made a part of this replication by reference as if fully copied herein.

"Wherefore plaintiff alleges that until said litigation between the parties herein was terminated, his right of action against the said defendant for double rent was only contingent, and that by said final judgment of the

Supreme Court the said right and cause of action accrued, and that plaintiff's action accordingly was brought within one year after his right to double rent accrued for said period from May 15 until August 25, 1943; and this the plaintiff is ready to verify.''

Appellant demurred to this replication on five grounds, first that the replication shows on its face that the judgment of the Supreme Court, Exhibit G to the declaration, was rendered on April 10, 1944, concluding that phase of the litigation. Second, the replication did not show that from April 10, 1944, until date suit was filed in this cause, the plaintiff was under any disability to prevent him from filing said action before the one year statute of limitation applied. Third, the replication showed on its face that the contingency complained of was terminated on April 10, 1944, and the pleadings showed on their face that at that time and up to May 14, 1944, plaintiff's alleged claim for double rent was not barred by the statute of limitation. Fourth, that the contingency complained of in the replication was not such as comes under Section 737, Code 1942. And fifth, that the replication and exhibits in reference to the case in the Supreme Court, termed Exhibit G to the declaration, and the allegations of the declaration showed that in the said cause pending in the Supreme Court during said time the landlord was making no claim for double rent and as a matter of fact waived double rent and the contingency alleged in the replication did not exist.

The Court sustained this demurrer but permitted the landlord to amend his replication, which was done. The amended replication to Special Plea No. 1 denied that the landlord should be barred from having his action for double rent for the period from May 16, 1943, to August 25, 1943, for the reason that during such period, and continuously thereafter until the 10th day of April, 1944, the tenant was appealing with supersedeas bond from the judgment which adjudicated the defendant to be wrongfully in possession, and that the landlord was en-

titled to possession and that by reason of said appeal with supersedeas bond the plaintiff was prevented from enforcing said judgment for possession of the land, and from prosecuting any action for double rent by reason of the tenants continued occupancy of the property. That the appeal suspended the question of double rent until it was disposed of, and that immediately upon the affirmance of the County Court on appeal to the Circuit Court the judgment of the Circuit Court was appealed to the Supreme Court under supersedeas bond, which again prevented the landlord from enforcing his judgment against the tenant because the question of defendant's liability therefor was contingent on the outcome of the appeal which was disposed of by the Supreme Court on April 10, 1944. Wherefore the landlord alleges that by reason of said appeals and until the final judgment of the Supreme Court the landlord's right to double rent was contingent and had not accrued, and that therefore the landlord's action was brought within one year after his right for double rent had accrued.

To this amended replication the tenant again demurred. The first two grounds of the demurrer were the same as the first two grounds of the previous demurrer. The third ground of the demurrer was somewhat different from the third ground of the previous demurrer, said third ground of the demurrer to the amended replication being to the effect that it showed on its face that the alleged contingency was terminated on April 10, 1944, and there was no suit pending that would have prevented the plaintiff from filing his suit on or prior to May 15, 1944, and each month thereafter as alleged doubled rent accrued. The fourth ground of the demurrer to the amended replication was the same as the fourth ground of the demurrer to the original replication. The fifth ground of the demurrer to the amended replication alleged that it showed on its face that the double rent sued for was a penalty within the meaning of Section 737, Code 1942, and under Section 736 of said Code, the statute

of limitation started running each month against the alleged claim for the penalty. The sixth ground of the demurrer to the amended replication was the same as the fifth ground of the demurrer to the original replication. And the seventh ground of the demurrer to the amended replication charged that: "The basis of the action for double rent, under Section 947, Mississippi Code Annotated, 1942, is that after a tenant has been lawfully notified, and refuses to give up the premises, he shall thenceforth pay to the landlord double rent, which would otherwise have been paid. The statute for double rent is penal and strictly construed, and an action for double rent is based upon a lawful notice of the landlord and not upon a judgment of a court, as claimed by plaintiff in said amended replication."

This demurrer was also sustained by the Court on October 18, 1944, and the landlord given authority to plead further, which it does not appear from the record that the landlord did.

The appellee moved the Court to strike Special Plea No. 2 as sham and frivolous, which motion was sustained by the Court.

The appellant moved the Court to enter judgment in favor of her for lack of a proper replication, demurrer or answer by appellee to her Special Plea No. 2, which motion was overruled by the Court.

At the conclusion of the Court's consideration of these various motions and pleas and demurrers the attorneys for the parties entered into and filed a stipulation agreeing that the exhibits to the plaintiff's declaration were true copies of the originals and admitted in evidence without further proof, and that the parties to the present suit were the identical parties mentioned in said exhibits and that the appellant Mrs. Sherrill appealed with supersedeas bonds from the judgments of the County and Circuit Courts. It was also agreed that the appellant remained in possession of the property from May 14, 1943 to June 15, 1944, and had tendered into Court $651.66

in payment of the single rent at the rate of $50 per month covering said period, and had paid all costs to the date of tender, but the said tendor was declined by the appellee.

The final judgment in this cause adjudged that the appellee do have and recover of and from the appellant double rent for the period of time from August 26, 1943, to June 15, 1944, in the amount of $1,136.66 together with all costs. From this judgment the defendant below prosecuted a direct appeal and the complainant below prosecuted a cross-appeal. In her assignment of error the appellant in the direct appeal assigned two errors in the trial court, to-wit: The sustaining of the motion of appellee to strike appellant's Special Plea No. 2 and the overruling of the motion of appellant for judgment for ·lack of a proper replication, demurrer or answer by appellee to Special Plea No. 2.

Taking up the latter ground first, we will say that it was the law of the case in the trial court after Special Plea No. 2 was stricken by order of the Court on motion that no Plea No. 2 was in contemplation of law on file and no further plea thereto in that situation should have been considered as required. The appellee could have filed a replication to Special Plea No. 2, or could have demurred thereto, or could have moved to strike it at his election. He elected to move to strike it, and the Court below sustained this motion. The use of motions for such purposes has received somewhat varied receptions. It has been considered both proper and improper, but this Court has approved in a number of instances the use of such a motion. The point is made that this motion was not a proper pleading, but we think it was permissible in this case under its peculiar circumstances, and that the second ground of the assignment of errors should be overruled and the trial judge affirmed as to his refusal to sustain appellant's motion for judgment for want of any proper pleading to Special Plea No. 2. The motion to strike this Special Plea No. 2 was on the

ground that it was "frivolous, improper, a sham and wholly inapplicable and a nullity."

It will be noted that this motion embraces in a single attack upon his plea both the grounds that it was a sham and that it was frivolous. The two grounds are inconsistent and a plea can not be both a sham and frivolous at the same time. Fidelity Mutual Life Ins. Co. v. Wilkes-Barre & H. R. R. Co., 98 N. J. L. 507, 120 A. 734.

Our Court with reference to a frivolous pleading quotes from Words and Phrases with approval that "a frivolous pleading is one so clearly untenable, or the insufficiency of which is so manifest upon a bare inspection of the pleadings, that the court or judge is able to determine its character without argument or research"; and, also, "an answer can be said to be frivolous only when it is so clearly bad as to require no argument to show its character, and which would be said to be so manifestly defective as to be indicative of bad faith upon a mere inspection." Germain v. Harwell, 108 Miss. 396, 66 So. 396, 398. A frivolous plea as defined in Corpus Juris, under the Chapter on Pleadings, Vol. 49, Section 225, at page 195, is one where "conceding it to be true it does not, taken as a whole, contain any defense to any part of complainant's cause of action and its insufficiency as a defense is so glaring that the Court can determine it upon a bare inspection without argument. If argument is necessary to convince the Court of the bad faith of the pleader or the insufficiency of the plea it can not be held to be frivolous. . . . The only test is whether or not it denies any material allegations of the complaint or sets up any defense."

Whether an answer is frivolous or not is usually determined by mere inspection, and if argument is necessary to convince the Court of the frivolous character of the answer or its bad faith, then the answer can not be said to be frivolous. In this case the argument in the briefs on this question is voluminous and we cannot say upon a bare inspection of the Special Plea No. 2 that it is

frivolous. Therefore, in our judgment, the plea was not a frivolous one.

It was also charged to be a sham plea, and a sham plea is defined as one good on its face but false in fact, which is the difference between a sham and a frivolous plea, because while a frivolous plea may be true in fact it sets up no defense on bare inspection. Nelson v. Independent Fruit Auction Co., 176 Minn. 468, 223 N. W. 767. A sham plea is further defined as one shown to be false, or appears to have been interposed in bad faith or for the purpose of delay, or clearly not true in fact, without reference to the good or bad faith of the pleader. Section 224, page 194, 49 C. J., Chapter on Pleading.

It will thus be seen that there is substantial difference between a sham plea and a frivolous plea, in that a frivolous answer is always assumed to be true, while a sham answer must be admittedly false or conclusively proved to be so; the character of the former is determined by mere inspection, while the character of the latter is usually determined by proof aliunde. Milberg v. Keuthe, 98 N. J. L. 779, 121 A. 713. So, since the motion charged that the Special Plea No. 2 was both sham and frivolous, which it can not be at one and the same time, and since a mere inspection does not disclose that it is frivolous and since the record reflects no proof that it was false, in our judgment the Court erred in sustaining the motion and striking the plea. It is, therefore, necessary to reverse the case on the direct appeal for the error of the trial court in sustaining the motion to strike Plea No. 2 by appellant, and to remand the cause for proceedings in harmony with the views herein expressed.

The appellee filed a cross-appeal and assigned certain grounds, among which was the complaint that the trial court erred in overruling the demurrer to Special Plea No. 1 of cross-appellee, which set up the statute of limitations of one year for a penalty. Section 2301, Code 1930, Section 731, Code 1942. We have held in a land-

lord and tenant case that "the statute is penal and should be strictly construed against the claim for double rent," Gulley v. Mayo, 191 Miss. 143, 1 So. (2d) 800, 801; and the statute provides that action for a penalty shall be commenced within one year next after the offense was committed and not after. If the case on remand is proceeded with in accordance with our views hereinabove expressed as to Replication No. 2 of appellant, the matter of limitations may conceivably pass out of the picture on the new trial. We feel, therefore, that since double rent is penal and the statute requires suit to be brought within one year that we could not find error in the action of the trial court in overruling the demurrer to it. However, one difficulty before us is that the record reflects no formula on which any calculation we have attempted will result in $1,136.66, the amount of the judgment for double rent. Therefore, we prefer to reverse the case and remand it for a new trial because of the action of the trial court in striking Replication No. 2, and in order that further proceedings be had in line with the views we have expressed here both as to that Replication and as to the plea of the statute of limitations, feeling that the trial judge will then give further consideration to the matter of interest and adjudicate same on a retrial. The case is, therefore, reversed in part and affirmed in part on direct appeal, and affirmed in part on cross-appeal, and remanded for retrial in accordance with our views herein expressed.

Reversed in part and affirmed in part on direct appeal, and affirmed in part on cross-appeal, and remanded.

### ON SUGGESTION OF ERROR.

**L. A. Smith, Sr., J.,** delivered the opinion of the court on suggestion of error.

We have very carefully considered the suggestion of error, and we have decided that the same should be overruled.

In our opinion in this case we merely decided that the court was in error in striking Special Plea No. 2 from the case for the reasons therein stated. By way of clarification, we would state that the question of whether or not the Special Plea No. 2 set up a valid defense to the suit for double rent can better be determined upon a replication thereto and when proof shall have been taken thereon, since the motion to strike, as made, on the grounds therein set forth, did not admit the allegations of said plea. 49 C. J., pp. 686, 687 in the chapter on Pleading.

Therefore the suggestion of error will be, and is Overruled.