ESSEX COUNTY CIRCUIT COURT.

## WALTER L. DAVIS, PLAINTIFF, v. FRANK BURNETT, DEFENDANT.

Decided May 23, 1946.

For the plaintiff, *Elmer O. Goodwin.*

For the defendant, *Benjamin D. Braelow*

SMITH, JOSEPH L., C. C. J. This is a motion to strike the answer on the ground that it is sham.

It appears from the affidavits filed herein that the plaintiff is the owner of certain premises in the City of Newark, New Jersey, in which he conducts a funeral parlor. The living quarters in said premises are occupied by the defendant and his family. The defendant and his family entered into possession as the result of an oral agreement. The plaintiff by affidavit alleges that the defendant was employed to act as caretaker of the premises and that in consideration of the services to be performed by the defendant it was agreed that

the defendant could occupy the second floor apartment which has a rental value of $65 per month for the sum of $25 per month, cash, and the balance by way of services to be performed. The defendant, by affidavit, denies that he entered into an agreement with the plaintiff, and denies that he is the caretaker of the premises. He admits that an agreement was entered into between the plaintiff and the wife of the defendant. The wife of the defendant, by affidavit, denies that any member of her family was to act as caretaker. She admits that she entered into an agreement with the plaintiff whereby she rented the premises for the sum of $25 per month cash plus the furnishing of the services of her daughter in answering the telephone and the doorbell of the funeral home.

In order to strike an answer as sham the court must find that it is admittedly false or conclusively proved to be so. *Milberg* v. *Keuthe*, 98 *N. J. L.* 779; 121 *Atl. Rep.* 713. A motion to strike a pleading as sham will not be granted unless it appears to be clearly and palpably so. The duty of the court is to determine whether an issue of fact is presented, and not to try the issue. *Jaeger* v. *Naef*, 112 *N. J. L.* 417; 171 *Atl. Rep.* 166.

In the instant case it cannot be said that the answer of the defendant is admittedly or conclusively proved to be false. Rent has been defined in 36 *Corp. Jur.* 285, § 1037, as:

"The return, whether of money, service or specific property, which the tenant makes to the landlord as compensation for the use of the demised premises."

Bouvier as quoted in *Ocean Grove Camp Meeting Association* v. *Sanders*, 67 *N. J. L.* 1 (at *p.* 4); 50 *Atl. Rep.* 449, defines rent as:

"The compensation either in money, provisions, chattels or labor, received by the owner of the soil from the occupant thereof."

The defendant in this case alleges the payment of rent by means of both money and services. There is a sufficient question of fact present to render it a question for the jury.

Motion is denied.