# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 95-CA-00921-SCT

*WILLIAM A. McCAIN, INDIVIDUALLY AND AS
GUARDIAN OF THE ESTATE OF JOSEPH PICKNEY
McCAIN*

*v.*

*MEMPHIS HARDWOOD FLOORING COMPANY, A
CORPORATION*

| | |
|---|---|
| DATE OF JUDGMENT: | 06/27/95 |
| TRIAL JUDGE: | HON. C. E. MORGAN, III |
| COURT FROM WHICH APPEALED: | CARROLL COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | ARNOLD F. GWIN |
| | FLOYD M. MELTON, JR. |
| ATTORNEYS FOR APPELLEE: | LAWRENCE D. WADE |
| | RANDALL ELLIOTT DAY, III |
| NATURE OF THE CASE: | CIVIL - TORTS (OTHER THAN PERSONAL INJURY AND PROPERTY DAMAGE) |
| DISPOSITION: | REVERSED AND RENDERED - 6/4/98 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 10/30/98 |

### BEFORE PRATHER, P.J., BANKS AND SMITH, JJ.

### BANKS, JUSTICE, FOR THE COURT:

¶1. Here we are called upon to construe the limitations period provided for our statute governing the wrongful cutting of trees. We conclude that the statutory scheme bars this cause of action in its entirety. Accordingly we reverse the judgment of the trial court and render judgment for the defendant.

### I.

¶2. On August 5, 1993, the appellants, Joseph Pickney McCain and William A. McCain, individually and as Guardian of Joseph Pickney McCain, filed a formal complaint against Memphis Hardwood Flooring Corporation ("Memphis Hardwood") and Ruth K. Meeks for cutting trees and removing

timber from the appellants' property without consent. Memphis Hardwood cut the timber between May and July of 1991, but McCain testified that he did not learn that the timber was cut until July, 1993. Memphis Hardwood had purchased two tracts of land from Cooper "Pete" Misskelley on March 21, 1991 adjacent to land owned by the McCains. Misskelley had purchased the two tracts of land a few days earlier from Ruth Meeks. The McCains' complaint stated that Memphis Hardwood through its agents intentionally and wilfully cut down trees and removed timber from their property without consent in violation of Miss. Code Ann. § 95-5-10 (1994).

¶3. A declaratory judgment was rendered by the Circuit Court of Carroll County, Mississippi. That Court held that double recovery under § 95-5-10(1) was controlled by the one year statute of limitation under § 15-1-33. Under the facts of this case, however, the Circuit Court found that ordinary compensatory damages were available under § 95-5-10(1) and that the applicable statute of limitations was § 15-1-49.

¶4. The Circuit Court ordered a judgment against Memphis Hardwood for $37,101, and dismissed all charges against Ruth Meeks. The McCains subsequently filed a motion to alter or amend the judgment. They claimed that the contingency fee arrangement contracted for between the plaintiffs and their attorney does not limit the Court's discretion in awarding attorney's fees. The Circuit Court disagreed and overruled the motion on August 4, 1995. The McCains' notice of appeal was filed on August 5, 1995. Memphis Hardwood filed a notice of cross-appeal on September 11, 1995.

## II.

### a.

**WHETHER THE ONE-YEAR LIMITATION EXPRESSED IN MISSISSIPPI CODE ANN. § 95-5-29 APPLIES TO § 95-5-10 TO LIMIT RECOVERY WHEN A SUIT IS BROUGHT 12 MONTHS AFTER THE CUTTING OF TREES, AND WHETHER THE PLAINTIFFS WERE ENTITLED TO DOUBLE THE FAIR MARKET VALUE OF THE TREES, THE FAIR MARKET VALUE OF THE TREES, REFORESTATION COSTS, OR ANY OTHER AWARD.**

¶5. This issue concerns that application of two statutes, Miss. Code Ann. § 95-5-29 (1994) and Miss. Code Ann. § 95-5-10 (1994). These statutes address the topic of trespass or destruction of trees without the consent of the owner.

> (1) If any person shall cut down, deaden, destroy or take away any tree without the consent of the owner of such tree, such person shall pay to the owner of such tree a sum equal to double the fair market value of the tree cut down, deadened, destroyed or taken away, together with the reasonable cost of reforestation, which cost shall not exceed Two Hundred Fifty Dollars ($250.00) per acre. The liability for the damages established in this subsection shall be absolute and unconditional and the fact that a person cut down, deadened, destroyed or took away any tree in good faith or by honest mistake shall not be an exception or defense to liability. To establish a right of the owner prima facie to recover under the provisions of this subsection, the owner shall only be required to show that such timber belonged to such owner, and that such timber was cut down, deadened, destroyed or taken away by the defendant, his agents or

employees, without the consent of such owner. ***The remedy provided for in this section shall be the exclusive remedy for the cutting down, deadening, destroying or taking away of trees and shall be in lieu of any other compensatory, punitive or exemplary damages for the cutting down, deadening, destroying or taking away of trees but shall not limit actions or awards for other damages caused by a person***.

(2) If the cutting down, deadening, destruction or taking away of a tree without out the consent of the owner of such tree be done willfully, or in reckless disregard for the rights of the owner of such tree, then in addition to the damages provided for in subsection (1) of this section, the person cutting down, deadening, destroying or taking away such tree shall ***pay to the owner as a penalty Fifty-five Dollars ($55.00)*** for every tree so cut down, deadened, destroyed or taken away if such tree is seven (7) inches or more in diameter at a height of eighteen (18) inches above ground level, or Ten Dollars ($10.00) for every such tree so cut down, deadened, destroyed, or taken away if such tree is less than seven (7) inches in diameter at a height of eighteen (18) inches above ground level, as established by a preponderance of the evidence. To establish the right of the owner prima facie, to recover under the provisions of this subsection, it shall be required of the owner to show that the defendant or his agents or employees, acting under the command or consent of their principal, willfully and knowingly, in conscious disregard for the rights of the owner, cut down, deadened, destroyed or took away such trees.

(3) All reasonable expert witness fees and attorney's fees shall be assessed as court costs in the discretion of the court.

Miss. Code Ann. § 95-5-10 (Rev. 1994). (emphasis added).

¶6. Miss. Code Ann. § 95-5-29 operates as a statute of limitation for penalties imposed under the chapter.

An action for any ***specific penalty*** given by this chapter may be prosecuted in any court of competent jurisdiction within twelve months from the time the injury was committed, and not after; and a recovery of any penalty herein given shall not be a bar to any action for further damages, or to any criminal prosecution for any such offense as herein enumerated. A party, if he so elect, may, under any of the provisions of this chapter, claim less than the penalty given.

Miss. Code Ann. § 95-5-29 (1994). (emphasis added).

¶7. The McCains claim that § 95-5-29 applies to § 95-5-10, which imposes the one-year limitation, only with reference to a specific penalty identified in the chapter. They offer as authority decisions which preceded the legislative enactment of § 95-5-10 which hold that statutory penalties are not the exclusive remedy for a plaintiff that has suffered losses because of trespass or cutting of trees. ***Day v. Hamilton***, 237 Miss. 472, 115 So. 2d 300 (1959) held that Miss. Code of 1942, §§ 1074-1087, do not function as an exclusive remedy. In ***Day***, the Court treated a statute which imposed a penalty for trees destroyed without consent of the owner. The Court observed, "[t]hese statutes do not indicate any legislative intent that the statutory penalty would be the exclusive remedy." ***Id***. at 478, So. 2d at 303. (*See also **Evans v. Broadhead***, 233 So. 2d 771 (Miss. 1970) indicating that the one-year limitation in a statute applied only to a specific penalty in the statute, not to damages or trespass for which there was no specific penalty).

¶8. Additionally, the McCains cite several cases for the proposition that the legislature has authorized suits where a plaintiff could ask for statutory penalties and actual damages in a single cause of action. *Duett v. Pine Mfg. Co*., 209 Miss. 830, 48 So. 2d 490 (1950); *Floyd v. Williams*, 198 Miss. 350, 22 So. 2d 365 (1945).

*¶9. Floyd*, *Duett*, and *Day* each involved application of the same statute, Miss. Code of 1942 § 1075.[1] A careful reading of this 1942 statute confirms the appellants' contention that the legislature did not intend for § 1075 to serve as an exclusive remedy. The phrase "exclusive remedy" is not mentioned anywhere in the section. That changed, however, with the adoption of Miss. Code Ann. § 95-5-10 (1994), which is the subject of the instant appeal which expressly declared an exclusive remedy.

> The remedy provided for in this section **shall be the exclusive remedy** for the cutting down, deadening, destroying or taking away of trees and shall be in lieu of any other compensatory, punitive or exemplary damages for the cutting down, deadening, destroying or taking away of trees but shall not limit actions or awards for other damages caused by a person.

Miss. Code Ann. § 95-5-10(1) (1994). (emphasis added).

¶10. This statute was enacted in 1989 and all other statutory authority related to trees cut without the consent of the owner was repealed. Memphis Hardwood cites *Greenlee v. Mitchell*, 607 So. 2d 97 (Miss. 1992) in support of the contention that Miss. Code Ann. § 95-5-10 (1994) is an exclusive remedy. While the opinion rendered in *Greenlee* does not apply § 95-5-10, it does characterize the statute as an exclusive remedy. "Mississippi Code Annotated § 95-5-10 (Supp. 1991) sets out an exclusive remedy for cutting trees without consent . . . ." *Id*. at 111.

¶11. The McCains claim that if § 95-5-10 provides an exclusive remedy it is a limited remedy. The remedy ". . .shall not limit actions or awards for other damages caused by a person." The appellants argue that they have suffered other damages in the form of reduction to the value of trees remaining on their land subsequent to the impermissible cutting. Also, testimony at trial indicated that the value of the trees remaining on the appellants' land was diminished because of the trees cut in the area without consent. The McCains contend that § 95-5-10 is an exclusive remedy to the harm that stems from trees that were cut down, deadened, destroyed or taken away, not trees that were reduced in value.[2]

¶12. The McCains submit that the one-year limitation provided in Miss. Code Ann. § 95-5-29 (1994) applies only to subsection (2) of Miss. Code Ann. § 95-5-10 (1994) because § 95-5-29 serves as a statute of limitation which only applies to specific penalties given under the chapter. In particular, the appellants claim that subsection (1) focuses on compensatory and punitive damages which are subject to a three-year statute of limitations, and beyond the reach of § 95-5-29. Also, they claim that the one-year limitation in § 95-5-29 does not apply to subsection (3) of § 95-5-10 because it involves fees for expert witnesses and attorneys. Finally, the appellants argue that the double recovery permitted under subsection (1) of § 95-5-10 is not a penalty subject to the one-year limitation of § 95-5-29.

¶13. The McCains claim that the express language of § 95-5-29 requires that an action for any specific penalty be brought within twelve months from the time the injury was committed, and that

the recovery authorized in subsections (1) and (3) of § 95-5-10 are not specific penalties. They rely on *Evans v. Broadhead*, 233 So. 2d 771 (Miss. 1970) in which the Court addressed whether a one year statute of limitations barred an action by the plaintiff for statutory penalties and damages because of the destruction of various trees. This Court held that the one-year limitation applied only to specific penalties for trespass to trees, but not for damages sought by the plaintiff for items other than specific penalties.

¶14. Memphis Hardwood claims that *Evans* has limited utility because § 95-5-10 provides an exclusive remedy to which § 95-5-29 applies. It cites analogous case law that supports the proposition that the damages sought under § 95-5-10 are penalties. *See Southern Package Corp. v. Walton*, 196 Miss. 786, 18 So. 2d 458 (1944) (Court held that an additional fixed amount for alleged liquidated damages that were provided for under the Fair Labor Standards Act without reference to damages sustained by the employee was a penalty imposed against the employer); *Stovall v. Gardner*, 203 Miss. 527, 36 So. 2d 163 (1948) (Court determined that double rent provided by local law pursuant to authorized eviction proceeding against a Tenant was a penalty because it was an additional burden.); *Moore v. Kuljis*, 207 So. 2d 604 (Miss. 1967) (This Court held that double rent was a penalty).

¶15. In a declaratory judgment, the Circuit Court of Carroll County agreed with the McCains that § 95-5-29 applies only to subsection (2) of § 95-5-10 because it is the only section that sets out specific penalties. The Court did find that ". . .the provision for double damages in § 95-5-10(1) was penal in nature . . . .", but refused to enforce a one-year statute of limitations of §§ 95-5-29 or 15-1-33. The Circuit Court reasoned that the applicable statute of limitation based on the facts of this case was § 15-1-49 (1995) because the action was for ordinary compensatory damages.

¶16. The provisions cited in § 95-5-10(1) were intended to function in lieu of any other compensatory, punitive, or exemplary award. Two kinds of events will trigger § 95-5-10. First, cutting down, destroying, or taking away a tree without the consent of the owner will require a wrongdoer to pay double the fair market of trees cut down under subsection (1). Second, cutting down, destruction, or taking away to a tree wilfully or with reckless disregard will require a wrongdoer to pay a specific penalty under subsection (2). Both subsections are penal. But, subsection (1) does permit other damages caused by a person, and subsection (2) requires specific penalty. Ordinary compensatory damages are not available under § 95-5-10(1). The only damages available under § 95-5-10(1) are a sum equal to double the fair market value of the tree plus reasonable reforestation cost not to exceed $250, and other damages caused by a person engaged in the wrongful cutting.

¶17. Memphis Hardwood claims that the damages of double the fair market value for the trees cited in § 95-5-10(1) are within the specific penalty required under § 95-5-29. The appellee supports this contention by analogizing these damages to those cited in the Miss. Code of 1942, § 947 (subsequently continued as Miss. Code Ann. § 89-7-25 (1991)). This statute dealt with damages paid to a landlord when a tenant refused to vacate the premises in violation of his right to maintain possession. Such was the case in *Sherrill v. Stewart*, 197 Miss. 880, 21 So. 2d 11 (1945) in which a tenant was found liable for double rent during the time he continued in possession of the premises contrary to his obligation to deliver up the premises. The double rent imposed was defined as a penalty. In *Sherrill,* this Court held that the double rent was a penalty which required an action to be

commenced within one year of the offense committed pursuant to Miss. Code 1942 § 731 (subsequently continued as Miss. Code Ann. § 15-1-33 (1995)).

¶18. Memphis Hardwood's argument that § 95-5-10(1) (1994) is a penalty has merit. Miss. Code Ann. § 95-5-10(1) (1994) does appear to have a penal character such that Miss. Code Ann. § 15-1-33 (1995) requires the appellants to have brought their action within one year after the offense. In *Southern Package Corp. v. Walton*, 196 Miss. 786, 18 So. 2d 458 (1944), Mrs. Walton sought to recover twice the amount of unpaid overtime wages earned by her late husband pursuant to the Fair Labor Standards Act of 1938. This Court held that the amount awarded beyond the compensation for hours actually worked by Mr. Walton was a penalty and barred because the one-year statute of limitations had expired. In finding the double compensation a penalty the Court stated that "'[a] statute that makes a wrong-doer liable to the person wronged for a fixed sum without reference to the damage inflicted by the commission of the wrong is penal.'" *Id.* at 797, 18 So 2d at 460 (quoting *State to Use of Rogers v. Newton*, 191 Miss. 611, 3 So. 2d 816, 818 (1941))

¶19. Miss. Code Ann. § 95-5-10 (1994) makes the wrongdoer pay double the fair market value of any tree destroyed or cut without the owner's permission. Thus, after the wrongdoer pays the fair market value of the trees to the owner, any additional amount paid is not compensatory but a penalty. Miss. Code Ann. § 15-1-33 operates as a one-year statute of limitations to the penal part of § 95-5-10(1). The McCains' contention is correct that § 95-5-29 only applies to subsection (2) of § 95-5-10, but, their contention that subsection (1) of § 95-5-10 is subject to the three-year statute of limitations under Miss. Code Ann. § 15-1-49 (1995) is incorrect to the extent that it applies to the destruction of trees. Subsection (1) of § 95-5-10 is penal in nature. Although it is not a specific penalty controlled by § 95-5-29, it is a penalty controlled by § 15-1-33.

¶20. The McCains' claim that the double fair market value of the trees provided in § 95-5-10 is not a penalty subject to a one-year statute of limitations but a three-year statute of limitations under § 15-1-49 is not well taken. They rely on *Rather v. Moore*, 179 Miss. 78, 173 So. 664, (1937) in which the Court found that the double liability imposed by Miss. Code of 1930, § 3815 on the stockholders of an insolvent bank was not a penalty and, therefore, subject to a six-year statute of limitations instead of a three-year statute of limitations. *Id.* at 106, 173 So. at 667. A comparison between the double liability required under the statute in *Rather* and the double fair market value of the trees required by a wrongdoer under § 95-5-10 shows that they are distinguishable based on the origin of the fixed amount. The double liability found in Miss. Code of 1930, § 3815 is based on a contract.

> Section 3815, Code 1930, imposes a direct liability on each and every stockholder in a bank to pay again, when and if the bank becomes insolvent and it is necessary to pay depositors, an amount equal to the par value of the stock. When the stockholder receives a share of stock it is as if he receives it with that statute incorporated therein. The statute is in writing; the stock is in writing, and the stockholder cannot take the stock of a bank in this state without the liability imposed upon it by the written statute.

*Id.* at 104, 173 So. at 666. The double fair market value for trees destroyed pursuant to § 95-5-10(1) is not based on a contractual relationship.

¶21. As the Circuit Court concluded, § 95-5-10(1) is penal in nature. *Sherrill v. Stewart*, 197 Miss. 880, 21 So. 2d 11 (1945). That court after so concluding detoured to find that § 15-1-49 rather than

§ 15-1-33 was the controlling statute of limitations because the action under subsection (1) of § 95-5-10 was for ordinary compensatory damages. Miss. Code Ann. § 95-5-10(1) (1994) does not provide for ordinary compensatory damages arising out of the cut trees. The other damages to which the statute refers would be to property or persons incurred during the cutting of the trees, unrelated to the destruction or damage to the trees.

¶22. Finally, the McCains argue that the statute of limitations did not begin to run until the appellants knew or should have known about the damage or trespass to their trees. By then, the trees were cut in May through July of 1991, and legal action was not taken until August 5, 1993. The appellants contend, however, that the destruction to the trees was not discovered until July, 1993, and that the statute should somehow be considered tolled until discovery of the harm. The appellants rely on *Staheli v. Smith*, 548 So. 2d 1299 (Miss. 1989) for the proposition that a one-year statute of limitations does not begin to run until the plaintiff could have reasonably discovered the wrongdoing. *See also Smith v. Sneed*, 638 So. 2d 1252 (Miss. 1994).

¶23. The McCains encourage the Court to apply the discovery rule to the statute of limitations which they consider to be unduly harsh. Their reliance on *Staheli* and *Smith* is misplaced. This Court has applied the discovery rule where the plaintiff will be precluded from discovering harm or injury because of the secretive or inherently undiscoverable nature of the wrongdoing in question. *Staheli,* 548 So. 2d at 1303. Or, as was the case in *Smith*, the discovery rule may be applied when it is unrealistic to expect a layman to perceive the injury at the time of the wrongful act. *Smith*, 638 So. 2d at 1257. An owner of trees requires no unique expertise to realize when his trees have been taken without his permission. Neither is the taking of such trees without consent of an owner a secretive or inherently undiscoverable act which justifies the discovery rule. Thus, application of a judge-made discovery rule would be inappropriate in the instant case.

¶24. Miss. Code Ann. § 95-5-10(2) is subject to the statute of limitations provided in Miss. Code Ann. § 95-5-29 (1994) because this subsection involves specific penalties. Miss. Code Ann. § 95-5-10(1) is not subject to Miss. Code Ann. § 95-5-29 (1994), but is subject to Miss. Code Ann. § 15-1-33 because it is a penalty controlled by a one-year statute of limitations. The plaintiffs are not entitled to double the fair market value of the trees, the fair market value of the trees, or reforestation costs. The double fair market value damages and reforestation costs are only permissible if action was taken within 12 months of the offense.

**b.**

**WHETHER MISS. CODE ANN. § 15-1-59 (1995) SAVINGS PROVISION TOLLS THE ONE-YEAR STATUTE OF LIMITATION TO PERMIT JOSEPH McCAIN TO RECOVER STATUTORY PENALTIES UNDER MISS. CODE ANN. § 95-5-10 (1994).**

¶25. The McCains claim that § 15-1-59 does toll or provide a savings for Joseph Pickney McCain, and that the rule from *Arender v. Smith County Hosp.*, 431 So. 2d 491 (Miss. 1983) applies only to wrongful death cases. This Court did indicate that the holding from *Arender* which found no savings in favor of minor children to toll a statute of limitations that had run against a surviving parent was applicable only in wrongful death cases. *Id.* at 494. *Stauffer v. British & Am. Mortgage Co.*, 77 Miss. 127, 25 So. 299 (1899), however, was not a wrongful death case, but dealt with the right of

four minor children to bring an action to recover various unpaid notes and a vendor's lien after the statute of limitations had run against a surviving parent not under a disability. ***Id.*** at 130. This old case held that the interest of the surviving parent and the four minor children was joint because none of the five appellants could bring an action separately. Likewise, the appellants in the instant case appear to have a joint action. Hence, ". . . where one of the parties to a joint action is of age when the cause of action accrues, the statute of limitation runs against all, and when one is barred all are barred." ***Id.***

¶26. The appellants stipulated that William A. McCain and Joseph Pickney McCain own an undivided one-half interest each in fee simple absolute to all of the land located in Sections 14 and 23, Township 20 North, Range 2 East, First Judicial District of Carroll County, Mississippi.[3] The land which was sold to Memphis Hardwood is located at Sections 13 and 24, Township 20 North, Range 2 East. The section line between Sections 13 and 14, and between Sections 23 and 24 is the boundary line between the appellants' land and land sold to appellees.

¶27. Joseph Pickney McCain may be under a disability for unsoundness of mind, but no evidence exists to indicate that William A. McCain was under any disability. The appellants jointly filed their lawsuit, thus the statute of limitations ran against William A. McCain to bar his right to action. Miss. Code Ann. § 15-1-53 (1995). Joseph's disability does not toll the statute of limitations. William A. McCain has been his legal guardian since 1986 and Miss. Code Ann. § 15-1-53 (1995) indicates that a right in action in a guardian, during the time the statute of limitations runs against the guardian, is computed against the person under the disability as well.

### **III**.

### WHETHER A CONTINGENCY FEE CONTRACT LIMITS THE AMOUNT OF ATTORNEYS FEES THAT COULD BE AWARDED TO APPELLANTS UNDER MISS. CODE ANN. § 95-5-10(3) (1994).

¶28. Miss. Code Ann. § 95-5-10(3) grants the Court discretion to assess reasonable attorney's fees. Assuming that attorney's fees are granted, the issue presented is whether the Court ought to give consideration to the contingency fee arrangement contracted for between the parties. The parties herein agree that this Court has not addressed whether the Court is required to disregard a contingency fee contract where a statute provides discretion to the Court to award attorney's fees. The McCains urge the rule adopted by our federal courts which is that a contingency fee contract does not limit a statutory fee award. ***Crowe v. Lucas***, 479 F.Supp. 1258 (N.D. Miss. 1979). *See also*, ***Blanchard v. Bergeron***, 489 U.S. 87 (1989) (holding that if a contingency fee arrangement is entered between plaintiff and counsel, the trial judge is not limited to this arrangement.)

¶29. Memphis Hardwood contends that a case which is handled strictly on a contingency fee basis should limit attorneys only to the percentage of recovery defined by prior agreement. ***Jack Cole-Dixie Highway Co. v. Red Ball Motor Freight, Inc.*** 254 So. 2d 734 (Miss. 1971). The holding expressed in ***Jack Cole-Dixie Highway*** does not hold that contingency fee arrangements should cap attorneys fees. That case does state the following:

It would be a mistake, in cases handled upon a contingent fee contract basis, to allow an

attorney to recover not only the amount agreed upon with his client under the employment contract but also an additional amount based upon the value of services actually necessary to the recovery.

*Id.* at 741.

¶30. Memphis Hardwood argues that before the Court disregards the contingency fee contract in its determination of appropriate attorneys fees' a "special public policy consideration" must exist. Memphis Hardwood claims that no such policy consideration exists because a suit for wrongful cutting of trees is a private cause of action with no benefit to society as a whole.

¶31. The concern expressed in *Jack Cole-Dixie Highway* guards against an attorney receiving two different forms of compensation one from a contract and the other from an assessment of services rendered. As for the concern which requires special policy considerations to trigger an assessment of attorney's fees without due reference to a preconceived contingency fee contract, it is difficult to discern why such a requirement should control a court's exercise of discretion.

¶32. Miss. Code Ann. § 95-5-10(3) grants the Court discretion to award reasonable attorneys fees, and it is error to conclude that a contingency fee arrangement would bar the Court's discretion in this matter. *See Furey v. County of Ocean*, 670 A.2d 120 (N.J. Super. Ct. App. Div. 1996) (A contingency fee agreement does not control the question of reasonable fee which the Court may in its discretion grant pursuant to a state statute, but is only a guide); *Hutterli v. State Conservation Comm'n*, 148 N.W. 2d 849 (Wis. 1967) (Nothing per se improper in a contingency fee contract, but held that it was not automatic that a judge must honor a contingency contract in the application of his equitable discretion granted by statute.) The record indicates that the Circuit Court used the contingency fee agreement only as a guide to determine reasonable attorneys fees. Thus, the McCains' contention that the contingency fee arrangement controlled the Court's assessment of reasonable attorney's fees is without merit. Nevertheless, the attorneys fees awarded in this case by the trial court are not appropriate. The McCains are barred by the statute of limitation from recovering damages. Attorney's fees are barred for the same reason.

## CONCLUSION

¶33. For the foregoing reasons the judgment of the circuit court is reversed and judgment is rendered in favor of Memphis Hardwood.

¶34. **REVERSED AND RENDERED.**

**PRATHER, C.J., SULLIVAN, P.J., ROBERTS AND SMITH, JJ., CONCUR. McRAE, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY PITTMAN, P.J., AND MILLS, J. WALLER, J., NOT PARTICIPATING.**

**McRAE, JUSTICE, DISSENTING:**

¶35. I disagree with the majority's conclusion that any action by McCain against Memphis Hardwood Floors for damages for timber trespass is time-barred. Miss. Code Ann. § 95-5-10(1)(1989) is remedial in nature rather than penal, as the majority asserts, and the three-year general statute of limitations therefore should apply. Further, trespass damage on large timber stands, such as that suffered by McCain, is the sort of secretive or inherently undiscoverable injury to which the discovery rule should be applicable. Accordingly, I dissent.

¶36. Miss. Code Ann. § 95-5-10(1) provides compensation to tree owners of equal to double the fair market value of trees cut down, deadened, destroyed or taken away without the owner's consent, as well as for reforestation at a cost of not more than $250 per acre. While § 95-5-10(2) expressly sets forth a specific per tree *penalty*, § 95-5-10(1) expressly provides a *remedy* for damages suffered by timber owners, stating:

> The *remedy* provided for in this section shall be the exclusive *remedy* for the cutting down, deadening, destroying or taking away of trees and shall be in lieu of any other compensatory, punitive or exemplary damages for the cutting down, deadening, destroying or taking away of trees but shall not limit actions or awards for other damages caused by a person.

The one-year statute of limitations set forth in Miss. Code Ann. § 15-1-33 applies only to "[a]ll actions and suits for any penalty or forfeiture on any penal statute." Since § 95-5-10(1) is intended to compensate tree owners, regardless of whether the "guilty" party acted in good faith or by honest mistake, it can hardly be construed as a penalty. Further, the one-year statute of limitations set forth in § 95-5-29 governs "action[s] for any specific penalty given by this chapter." Section 95-5-10(1) is neither specific nor penal in nature. Therefore, the three-year statute of limitations set out in § 15-1-49 (1), which applies to all other causes of action for which no period of limitation is prescribed, should be applicable.

¶37. In cases such as this, where extensive timberlands are owned or the property is not immediately accessible to its owners, we cannot charge the property owner with an affirmative duty to constantly patrol the premises for damage. To not allow the application of the discovery standard articulated in § 15-1-49 imposes just such a duty. Nevertheless, much damage may elude discovery by even the most observant landowners. Where logging operations are underway on an adjacent property, trespass may not be discernible until after a project is completed. Some forms of damage, such the "deadening" of a tree, likewise, may not be discoverable for more than a year after the damage occurs. Perpetuating an absolute prescriptive period may be appropriate for damage suffered to a tree in one's yard; it, however, ignores the realities of the large scale timber properties that contribute to this State's economy.

¶38. Accordingly, I dissent.

**PITTMAN, P.J., AND MILLS, J., JOIN THIS OPINION.**

1. Section 1075. By cutting trees-cypress and other trees.

> If any person shall cut down, deaden, destroy or take away, if already cut or fallen, any cypress, white oak, black oak, or other oak, pine, poplar, black walnut, cherry, pecan, hickory, chestnut, birch, ash, holly, gum, persimmon, cedar, sassafras, or beach tree, not his own, without the consent of the owner, *he shall pay to the owner of the tree or trees, as a penalty, fifteen dollars ($15.00) for every tree* so cut down, deadened, destroyed or taken away; and *for every other tree not herein described* so cut down, deadened, destroyed, or taken away, *the sum of five dollars ($5.00) shall be paid as a penalty*. And in addition to the penalty to be paid as herein provided, he *shall pay to the owner of such tree or trees the actual value of such tree* or trees so cut down, deadened, destroyed, or taken away; and for such actual damages and for such penalty the owner may recover in the same suit. To establish the right of the owner prima facie, to recover under the provisions of this section, it shall not be required of the owner to show, by a preponderance of the proof, that the defendant or his agents or employees, acting under the command or consent of their principal, wilfully, recklessly, and knowingly cut such trees, but it shall only be required of the owner to show that such timber belonged to such owner, and that such timber was cut by the defendant, his agents or employees without the consent of the owner, provided, the defendant may establish good faith as an affirmative defense as to the statutory penalty.

Miss. Code of 1942 § 1075 (emphasis added).

2. Bill Canale testified that the appellants lost $6,625 in potential income.

3. Joseph Pickney McCain has a mental illness and is of unsound mind. William A. McCain serves as his guardian.